# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRANDON L. HOWARD, SR.,

    Petitioner,

    v.                                Case No. 07-C-615

PAMELA WALLACE,

    Respondent.

# DECISION AND ORDER

On July 3, 2007, The petitioner, Brandon L. Howard, Sr., who is currently incarcerated at Stanley Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted on December 22, 1999, of second-degree sexual assault of a child under 16 and on January 5, 2000, of bail jumping. He was sentenced to concurrent prison terms of twenty and five years. Both sentences were stayed and the petitioner was placed on probation. The petitioner filed a motion for appointment of counsel which the court granted. The petitioner is currently represented by counsel.

By his petition, the petitioner challenges his convictions on the following grounds: 1) his conviction violates the privilege against self-incrimination; 2) the guilty plea was not voluntarily and knowingly entered because it was not made with an understanding of the nature of the charge and the trial court failed to inform the petitioner that the court was not bound by any plea agreement entered into by the state and the petitioner; 3) his conviction violates due process because it failed to give the petitioner fair opportunity to provide the court with sufficient reason for not raising his claim in an earlier post-conviction motion; and 4) the trial

court abused its discretion when it relied on inaccurate information and an incomplete record to dismiss the petitioner's motion for post-conviction relief.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed October 15, 2007, this court determined that "it does not plainly appear from the 'face of the petition' that the petitioner is not entitled to relief." Thus, this court ordered the respondent, Warden Pamela Wallace of the Stanley Correctional Institution, to file an answer, motion, or other response to the petition for a writ of habeas corpus. On November 14, 2007, the respondent filed a motion to dismiss, asserting that the writ of habeas corpus was not timely filed. Subsequently, on February 11, 2008, the petitioner filed a pro se response to the respondent's motion. On March 28, 2008, the petitioner's counsel filed a status report with the court. Thus, the respondent's motion to dismiss is ready for resolution and will be addressed herein.

## **ANALYSIS**

At the outset, this court notes that although counsel was appointed for the petitioner, the petitioner filed a pro se response brief. A petitioner does not have an affirmative right to submit a pro se brief when represented by counsel. See United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998). However, "nothing precludes [a court] from accepting the *pro se* brief and considering the arguments contained therein for whatever they may be worth."

Hayes v. Hawes, 921 F.2d 100, 102 (7th Cir 1990). In deciding the respondent's motion to dismiss, the court will consider the arguments set forth by the petitioner's pro se response brief and the cases cited therein.

In filing her motion to dismiss, the respondent asserts that the petitioner's habeas corpus petition is barred by 28 U.S.C. § 2244(d)(1). The respondent asserts that the petitioner's sexual assault judgment became final on January 11, 2000, and his bail jumping judgment became final on January 25, 2000. Thus, the respondent maintains that the petitioner had until January 11, 2001, and January 25, 2001, respectively to file his petition for a writ of habeas corpus.

In response, the petitioner concedes that his petition is untimely under 28 U.S.C. § 2244(d)(1)(A) but asserts that it not untimely under 28 U.S.C. § 2244(d)(1)(B) or (D). The petitioner asserts that his inability to obtain the guilty plea transcript in his underlying conviction until December 2, 2004, was state action that impeded filing and that the plea transcripts provided the factual predicate to his petition that could not have previously been discovered.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d) provides for a one-year statute of limitations for an application for a writ of habeas corpus. In an ordinary case, the one-year statute of limitations runs from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see also, Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005).

In this case, the petitioner did not file a notice of intent to pursue postconviction relief in the circuit court. Therefore, the limitations period began to run with respect to both convictions twenty days after the entry of conviction of judgment. See Farmer v. Litscher, 303 F.3d 840, 845-46 (7th Cir. 2002); Wis. Stat. § 809.30(2)(B). Specifically, with respect to his sexual assault conviction, the period began to run on January 11, 2000, and with respect to his bail jumping conviction, the period began to run on January 25, 2000. Thus, the petitioner had until one year later, January 11, 2001, and January 25, 2001, respectively, to file his petition for a writ of habeas corpus. The petition was not filed in this court until July 3, 2007. Therefore, his petition is untimely under 28 U.S.C. § 2244(d)(1)(A) unless the petitioner can demonstrate a basis for tolling of the statute of limitations.

Section 2244(d)(2) provides for the tolling of the statute of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending." 28 U.S.C. § 2244(d)(2). The petitioner did not collaterally attack his conviction in state court until he filed his Wis. Stat. § 974.06 motion on May 22, 2001. The petitioner's § 974.06 motion did not toll the time period for filing a petition for a writ of habeas corpus in federal court because it was filed after the statute of limitations expired. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005). Therefore, the one-year limitation period was not tolled under 28 U.S.C. § 2244(d)(2).

The petitioner asserts, however, that 28 U.S.C. §§ 2244(d)(1)(B) and (D) are the applicable sections because a state-imposed impediment – the failure to provide a transcript of the guilty plea hearing – led to the untimely filing of his habeas petition on July 3, 2007, and that transcript provided the factual predicate to his petition that could not have been earlier discovered through the exercise of due diligence. Sections 2244(d)(1)(B) and (D) are exceptions to the general statute of limitations in § 2244(d)(1)(A).

The petitioner asserts that he was unable to file his state postconviction motion so as to toll the limitations period pursuant to § 2244(d)(2). Thus, the petitioner contends that the statute of limitations began to run on December 2, 2004, when he received the transcript of the guilty plea hearing.

Section 2244(d)(1)(B) expressly pertains only to state-imposed impediments that prevent prisoners from filing a *federal* petition for a writ of habeas corpus. For a state action to be an impediment under § 2244(d)(1)(B) it must "prevent" the petitioner from filing his federal habeas petition. See Lloyd v. VanNatta, 296 F.3d 630, 632 (7th Cir. 2002).

In VanNatta, a habeas petitioner argued that his habeas statute of limitations should be tolled under § 2244(d)(1)(B) because the state failed to provide him with a complete transcript of his trial. The court disagreed, stating that "[b]ecause Mr. Lloyd was able to file his petition without a complete copy of his trial transcript, the state's failure to provide a complete transcript did not prevent Mr. Lloyd from pursuing any of his claims." Id. at 633. Thus, the court held that § 2244(d)(1)(B) was not applicable to the case.

Similarly, in the instant case, the fact that the petitioner did not have a transcript of his guilty plea hearing did not prevent him from filing his federal habeas petition. As the court explained in Powell v. Davis, 415 F.3d 722, 728 (7th Cir. 2005), the petitioner in that case

could have filed a "protective" petition in federal court and asked the court "to stay and abey the federal habeas proceedings until state remedies are exhausted." (citation omitted).

Additionally, contrary to the petitioner's assertion, § 2244(d)(1)(D) is inapplicable to the facts of this case. The petitioner asserts that he could not have discovered the factual predicate for his claims prior to receiving the transcript on December 2, 2004. However, "the trigger in § 2244[d][1][D] is [actual or imputed] discovery of the claim's 'factual predicate', not recognition of the facts' legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). The petitioner was present at the guilty plea hearing and, therefore, "the principal fact setting the stage" for his claims was known at that time. See id.

Moreover, even if either § 2244(d)(1)(A) or (D) applied, the petitioner's petition for a writ of habeas corpus would still be untimely. The petitioner received a copy of his guilty plea hearing transcript on December 2, 2004. Thus, the petitioner had one year from that time, i.e. until December 4, 2005, to file his federal habeas corpus petition. On February 18, 2005, the petitioner filed a motion to withdraw his guilty plea, a state post-conviction proceeding which had the effect of tolling the statute of limitations. See 28 U.S.C. § 2244(d)(2). The petitioner filed his motion 78 days after the one-year period of limitations had started to run. The petitioner's motion and his appeal of its denial were pending in state court until July 26, 2006, when the Wisconsin Supreme Court denied his petition for review.

After the denial of this petition for review, the statute of limitations again began to run because, unlike on direct review, the period of limitations under 28 U.S.C. § 2244(d) is not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for certiorari review in the United States Supreme Court. There is no indication that the petitioner sought certiorari review in the United States Supreme Court for his Wis. Stat. § 974.06 motion. See Gutierrez v. Schomig, 233 F.3d 490, 491-92 (7th Cir. 2000).

Accordingly, the petitioner's one-year period of limitations began running again on July 27, 2006, at which time 287 days remained (365 days - 78 days = 287 days). Thus, the petitioner had to file his habeas petition on or before May 10, 2007, in order for it to be timely filed under § 2244(d). The petitioner did not file his petition until July 3, 2007, nearly two months after the one-year statute of limitations had expired. Thus, the petition is untimely even if the period of limitations was determined under §§ 2244(d)(1)(B) or (D).

In sum, the petitioner's petition for a writ of habeas corpus is untimely and cannot be considered by this court. Accordingly, for the reasons stated herein, the respondent's motion to dismiss will be granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss be and hereby is **granted**. (Docket #10).

**IT IS ALSO ORDERED** that petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of April, 2008.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

.